Jack Stanislaw, J.
This is a motion by the defendant and third-party-plaintiff, G-aynor, to dismiss the complaint as failing to state a cause of action. He characterizes the action as one for breach of an implied warranty, in that plaintiff Cheshire alleges the surgical insertion of an intramedullary pin warranted as properly manufactured and free of defects. The pin broke despite G-aynor’s alleged statement that the pin would not break and was as strong as, if not stronger than, the original bone.
*356 Cheshire believes he has stated enough in the complaint to prove warranty, whether express or implied. While that may be so, G-aynor goes on to urge and point out that a warranty cannot arise in any event absent a sale. The issue presented resolves itself to the availability of a cause based upon warranty as applied to one aspect of a situation involving a doctor’s treatment of his patient. Plaintiff, noting the absence of statutory provision regarding warranties emanating from transactions involving sales of services, contends that they may nevertheless arise and be actionable inasmuch as such warranties have not been specifically excluded.
A transaction involving the medical care and treatment of a patient at a hospital is regarded in its entirety, and may not be broken down so as to label some parts of it as sales and others as contracts for services (Perlmutter v. Beth David Hosp., 308 N. Y. 100). Where that entirety is actually directed to a restoration of the patient’s health the whole contract is categorized as one for services. Thus, in the Perlmutter case {supra), a warranty theory was not available to a patient complaining of an isolated part of his treatment as being a warranted sale. (See, also, Krom v. Sharp & Dohme, 7 A D 2d 761.)
Express and implied warranties rest upon sales and the existence of a buyer-seller relationship insofar as the Uniform Commercial Code deals with the subject (§§ 2-313, 2-314, and official comment thereon). On the other hand, there are some indications that an express warranty made in the course of performing a contract for services may at least be sufficient to permit an action to proceed to trial (Napoli v. St. Peter’s Hosp. of Brooklyn, 213 N. Y. S. 2d 6; Payton v. Brooklyn Hosp., 21 A D 2d 898, dissenting opinion, affd. 19 N Y 2d 610). However, that view is apparently a minority approach which, to our observation, has gained no contemporary support. The necessary sales basis for warranty has instead been reiterated (e.g., Aegis Prods. v. Arriflex Corp. of America, 25 A D 2d 639; 51 N. Y. Jur., Sales, § 157), and even emphasized in the process of the judicial expansion of the availability of causes based upon warranty (see Fairbank Canning Co. v. Metzger, 118 N. Y. 260, and as cited in Greenberg v. Lorenz, 9 N Y 2d 195).
Notwithstanding these difficulties attaching to Cheshire’s theory, which includes the necessity of first establishing an isolated sale as opposed to a whole transaction for services, we find nothing in the complaint or in the substance of Gaynor’s argument mandating its dismissal upon this motion. The Perlmutter case (308 N. Y. 100, supra) simply notes the odds against a plaintiff in this situation, but its result was actually *357 to deny a move to dismiss the complaint. Since it may be possible to prove a sale here somewhere, as opposed to an over-all services contract, we cannot dismiss the complaint on grounds of a presumptive insufficiency. Cheshire has alleged a sale, and at this stage we must accept that allegation. Whatever the substantive difficulties are or may become is of no concern to us at this time and at this stage of the action. The motion is denied.